PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2000 Buick Park Avenue struck a hole as claimant, Charles E. Cutlip, was driving on U.S. Route 60 between Rupert and Charmco in Greenbrier County. U.S. Route 60 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred approximately during the middle of July 2007. U.S. Route 60 has a speed limit of fifty-five miles per hour in this area. At the time of the incident, claimant, Charles E. Cutlip, and his wife, Jessie L. Cutlip, were returning from the VA Medical Center in Salem, Virginia to their home in Craigsville, Nicholas County. As Mr. Cultip was driving at between forty and forty-five miles per hour, their vehicle struck a hole that was approximately one foot wide, two feet long, and six to eight inches deep. The incident occurred on a straight stretch of road, and Ms. Cutlip testified that there was an oncoming coal truck traveling in the other lane of traffic. Claimants travel on this road every three to six months and did not notice the hole on the edge of the road on a prior occasion. Ms. Cutlip stated that she could not see the hole before the vehicle struck it because she is blind in her right eye. As a result of this incident, claimants’ vehicle sustained damage to its rim in the amount of $680.00. Claimants were unable to provide documentation for the vehicle’s damage because C. Adam Tony’s Tires, which had preformed the repairs, no longer has a record of the purchase of the rim. Since claimants’ insurance deductible at the time of the incident was $500.00, their recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 60. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the hole on U.S. Route 60. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, claimants may not make a recovery for their loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.